IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**B. MILLER**,
individually and on behalf of
all those similarly situated,

                       Plaintiff,

    v.

**CHILDREN'S HOSPITAL OF WISCONSIN, INC.**
999 N. 92nd St.
Wauwatosa, WI 53226

                       Defendant.

Case No: 18-cv-1152

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff, Brooke Miller ("Plaintiff"), on her own behalf and on behalf of the members of the proposed classes identified below. Plaintiff is a surgical nurse for Defendant, Children's Hospital of Wisconsin, Inc. ("Defendant"). During her employment, Plaintiff was denied regular and overtime wages under an illegal pay policy. Under this policy, Plaintiff and other similarly-situated employees were required to don and doff protective sanitary scrubs before and after their shifts without compensation. The donning and doffing of these uniforms was required by Defendant and is therefore an integral and indispensable part of their primary job duty. Plaintiff and putative class and collective class members (defined below) are

similarly situated under the Fed. R. Civ. P. 23 and the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), as they commonly suffered wage losses as a result of Defendant's illegal pay policy.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Eastern District of Wisconsin, Milwaukee Division because Defendant operates its hospital in this district and because the events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Brooke Miller, is an adult resident of New Berlin, Wisconsin. Plaintiff is currently employed as a pediatric registered nurse by Defendant. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. Her consent form is filed as Exhibit A.

5. Defendant, Children's Hospital of Wisconsin, Inc., is a non-stock corporation with its principal place of business in Wauwatosa, Wisconsin. Its registered agent for service is Leslie M. Tector.

6. Defendant is engaged in the operation of a hospital and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(B).

2

7. At all relevant times, Plaintiff and members of the putative Collective Class were individuals employed by an employer within the meaning of 29 U.S.C. § 203(e)(1).

8. Defendant is a corporation having control or custody of employment and an employer under Wis. Stat. § 103.001(b).

9. Defendant is a business employing one or more persons within the state and an employer under Wis. Stat. § 109.01(2).

10. At all relevant times, Plaintiff and members of the putative Unpaid Wage Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

## FACTUAL ALLEGATIONS

11. Throughout the three years preceding the filing of this Complaint, Plaintiff and putative class members are or were employed by Defendant as pediatric registered nurses in operative services, surgical technologists, anesthesia technicians, and operative services assistants.

12. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and putative class members were classified by Defendant as non-exempt from overtime wages.

13. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and putative class members were required to don and doff sanitary scrubs before the start of and after the end of their shifts without compensation.

3

14. These sanitary scrubs are laundered on Defendant's site, and Plaintiff and putative class members are required to wear these sanitary scrubs in order to perform their job duties within Defendant's hospital.

15. Plaintiff and putative class members used a timeclock to record their hours worked. The timeclock rounded to the nearest 10 minutes.

16. Plaintiff and putative class members were not permitted to clock in more than five minutes before their shift was scheduled to begin so the clock would round to the beginning of the shift. If Plaintiff and/or putative class members clocked in earlier, they could receive a disciplinary occurrence.

17. Plaintiff and putative class members were required to report by the beginning of their shift to a meeting referred to as the "morning report," "staff meeting," or "inservice," or to the floor to start work. They were not compensated until the start of their shift, and as a result, the time spent donning sanitary scrubs was uncompensated.

18. At the end of a shift, Plaintiff and putative class members were required to doff their sanitary scrubs so they could be laundered on-site.

19. Plaintiff and putative class members were required to wear designated sanitary scrubs within the operating room environment and hospital because of Defendant's hospital policy.

20. Plaintiff and putative class members were to clock out within five minutes of the official end of their shift, which would round to the shift end. As a result, the time spent doffing sanitary scrubs was uncompensated.

21. On July 9, 2018, Plaintiff and putative class members were sent an email by the Director of Surgical Services. This email stated that effective July 10, 2018, Plaintiff and putative class members were to clock in prior to donning their sanitary scrubs and clock out after doffing their sanitary scrubs.

22. In the July 9, 2018 email, the Director of Surgical Services stated that the clock-in and clock-out times would be adjusted effective July 10, 2018, resulting in Plaintiff and putative class members receiving 10 additional minutes' worth of compensation each shift to account for donning and doffing time.

23. As of the filing of this Complaint, Defendant has not provided back pay to Plaintiff and putative class members for their uncompensated donning and doffing time prior to the change of this policy on July 10, 2018.

24. Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are employed by Children's Hospital of Wisconsin in operative services as pediatric registered nurses, surgical technologists, anesthesia technicians, and operative services assistants at any time during the past three years and who performed uncompensated work, including work over 40 hours a week, because they were required to don and doff sanitary scrubs without compensation.

25. Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Unpaid Wage Class** is defined as:

5

> All persons who have been or are employed by Children's Hospital of Wisconsin in operative services as pediatric registered nurses, surgical technologists, anesthesia technicians, and operative services assistants at any time during the past two years and who were required to don and doff sanitary scrubs without compensation.

## CLASS ALLEGATIONS

26. Plaintiff brings the Second Claim for Relief on her own behalf and on behalf of the Unpaid Wage Class, as defined in paragraph 26, *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

27. The persons in the Unpaid Wage Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy the definition of this Class.

28. There are questions of law and fact common to the Rule 23 Unpaid Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including but not limited to:

   (a) Whether Children's Hospital of Wisconsin maintained a common practice and policy of unlawfully failing to pay wages to Plaintiff and members of the putative classes for time spent donning and doffing sanitary scrubs required for the performance of their primary duty;

   (b) Whether Children's Hospital of Wisconsin maintained a common practice and policy of unlawfully failing to pay overtime wages to Plaintiff and members of the putative classes for time spent donning and doffing sanitary scrubs required for the performance of their primary duty;

6

(c) The nature and amount of compensable work performed by Plaintiff and members of the putative classes;

(d) The proper measure of damages sustained by Plaintiff and members of the putative classes.

29. Plaintiff's claims are typical of those of the Unpaid Wage Class members. Plaintiff, like other Unpaid Wage Class members, were subjected to Defendant's illegal pay policy and practice resulting in a wage loss, including Defendant's policies of refusing to pay regular and overtime wages for compensable time worked in violation of Wisconsin law.

30. Plaintiff will fairly and adequately protect the interests of the Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

32. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Unpaid Wage Class predominate over any questions affecting only individual members of the Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Unpaid Wage Class the

wages for work performed to which they are entitled. The damages suffered by the individual Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

33. Plaintiff intends to send notice to all members of the Unpaid Wage Class to the extent required by Fed. R. Civ. P. 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

35. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

36. During the applicable statute of limitations up to and continuing through the present, Plaintiff and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation, including time spent donning and doffing sanitary scrubs for the performance of their primary duties.

37. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiff and members of the Collective Class have suffered and continue to suffer a wage loss.

38. Defendant knew or showed reckless disregard for the fact that it failed

8

to pay Plaintiff and members of the Collective Class overtime wage compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW

39. Plaintiff, individually and on behalf of the Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

40. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.02, 109.03, Wis. Admin. § DWD 272.12(2)(e), and Wis. Admin. § DWD 274.03.

41. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. § 103.02; Wis. Amin. § DWD 274.03.

42. Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

43. Plaintiff and members of the Unpaid Wage Class are not exempt from the overtime pay requirements of Wisconsin law.

44. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to pay all overtime wages to Plaintiff and members of the Unpaid Wage Class for those weeks in which they worked in excess of 40 hours by failing to pay wages for the donning and doffing of sanitary scrubs required for the performance of their primary job duty.

45. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to

pay wages, including overtime wages, to Plaintiff and members of the putative Unpaid Wage Class for hours they worked.

46. As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff and members of the putative Unpaid Wage Class, Defendant has violated Wis. Stat. §§ 103.03, 109.03, Wis. Admin. § DWD 272.12(2)(e), and Wis. Admin Code § DWD 274.03.

47. Plaintiff, on behalf of herself and members of the Unpaid Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

48. Plaintiff, on behalf of herself and members of the putative Unpaid Wage Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective Class and the Unpaid Wage Class, pray for the following relief:

A. An order designating this action as a collective action and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class as defined above;

B. An order certifying this action as a class action on behalf of the proposed Unpaid Wage Class under Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3);

C. An order designating Brooke Miller as representative of the Unpaid Wage Class;

D. An order designating Hawks Quindel, S.C. as class counsel;

E. An order declaring that Defendant maintains an illegal pay policy and enjoining Defendant from committing future violations of the FLSA and Wisconsin wage and hour laws;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

H. Judgment against Defendant in the amount equal to Plaintiff's, the Collective Class's, and the Unpaid Wage Class's unpaid back wages at the applicable overtime and regular wage rates;

I. An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

J. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

K. Leave to amend the Complaint to add additional claims; and

L. Such further relief as the Court deems just and equitable.

Respectfully submitted this 25th day of July, 2018.

                      Attorneys for the Plaintiff

                      By: */s/David C. Zoeller*
                      **HAWKS QUINDEL, S.C.**
                      David C. Zoeller, State Bar No. 1052017
                      Email: dzoeller@hq-law.com
                      Caitlin M. Madden, State Bar No. 1089238
                      Email: cmadden@hq-law.com
                      Post Office Box 2155
                      Madison, Wisconsin 53701-2155
                      Telephone: (608) 257-0040
                      Facsimile: (608) 256-0236

12

Case 2:18-cv-01152-WED   Filed 07/25/18   Page 12 of 12   Document 1